UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DEWAYNE WASHINGTON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )  No. 2:23-cv-00106-JPH-MG |
| | ) |
| DUSHAN ZITICKY, | ) |
| | ) |
| Respondent. | ) |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND
DIRECTING ENTRY OF FINAL JUDGMENT**

Dewayne Washington's petition for a writ of habeas corpus challenges a prison disciplinary proceeding identified as ISF-22-10-0216. Dkt. 2. For the reasons explained in this Order, Mr. Washington's habeas petition must be **denied**.

### A. Overview

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass.*

*Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell*, 418 U.S. 539, 563–67 (1974).

### B.     The Disciplinary Proceeding

On October 3, 2022, Correctional Police Officer (CPO) Robert Evans wrote a Conduct Report charging Mr. Washington with conspiracy to traffic and possession or solicitation of unauthorized personal information. Dkts. 2-1 at 2, 12-1. The Conduct Report states that the Office of Investigation and Intelligence (OII) received information that Mr. Washington was communicating with Aramark employee Melissa Hansen via three-way phone calls with Mr. Washington's mother, Tonya Mays[1]. *Id.* During an OII interview, Ms. Hansen admitted that Mr. Washington asked her to mail a book to Ms. Mays so that Ms. Mays could later send it back to Ms. Hansen and she could deliver it to Mr. Washington in prison. *Id.*

Mr. Washington was notified of the charge on November 1, 2022, when he received the Screening Report. Dkt. 12-2. He pleaded not guilty to the charge. *Id.*

The hearing was held on December 9, 2022. *See* dkts. 12-4, 12-5. Based on Mr. Washington's statement, staff reports, evidence from witnesses, and video of Ms. Hansen's interview, the hearing officer found Mr. Washington guilty of conspiracy to traffic. Dkt. 12-5. The sanctions imposed included 180-days earned-credit-time deprivation and a one credit class demotion. *Id.*

---

[1] Tonya Mays is Mr. Washington's mother.  Although she is referred to by the parties and in the exhibits as "Mr. Washington's mother," for ease of reference and clarity the Court refers to her as Ms. Mays.

2

Mr. Washington appealed to the Facility Head and the IDOC Final Reviewing Authority, and both of his appeals were denied. Dkts. 12-9, 12-10, 12-11. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### C.    Analysis

Mr. Washington argues that he was denied evidence of an interview recording and phone records, and that there was insufficient evidence to support a finding of guilt. Dkt. 2 at 6–8.[2]

#### 1. Denial of Evidence

In his petition, Mr. Washington states that he requested and was denied certain evidence. Dkt. 2 at 5. Specifically, he argues that he was denied access to the audio and video of Ms. Hansen's interview, dkt. 12-6, and to phone records, dkt. 2 at 7.

Due process affords an inmate in a disciplinary proceeding a limited right to present "evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." *Wolff,* 418 U.S. at 566. However, the right is only violated if the inmate is deprived of an opportunity to present *material, exculpatory* evidence. *See Piggie v. Cotton,* 344 F.3d 674, 678 (7th Cir. 2003). Evidence is exculpatory if it undermines or

---

[2] In his summary of his arguments raised in his facility challenge, Mr. Washington indicates that he argued to the facility head that he was denied witnesses, dkt. 2 at 5, but he does not raise a witness-based argument in this Court, *id.* at 6–8; *see* dkt. 12 at 8.

3

contradicts the finding of guilt, *see Jones*, 637 F.3d at 847, and it is material if disclosing it creates a "reasonable probability" of a different result, *Toliver v. McCaughtry*, 539 F.3d 766, 780–81 (7th Cir. 2008).

The record contains the audio and video recording of Ms. Hansen's interview, which the Court has reviewed *ex parte*. In it, Ms. Hansen unambiguously states that Mr. Washington wanted her to mail a book to Ms. Mays so that Ms. Mays could return it to Ms. Hansen who could then deliver it to Mr. Washington in prison. Dkts. 14, 15 (19:00–19:25). The substance of the interview is accurately summarized in CPO Evans's Conduct Report, which the Disciplinary Hearing Officer (DHO) relied upon. Dkts. 12-1, 12-5. Thus, any denial of access for Mr. Washington to review the audio or video interview footage was, if error at all, harmless. S*ee Piggie*, 344 F.3d at 678 (holding that harmless error analysis applies to due process violations in prison disciplinary habeas corpus cases).

The Court has also reviewed the GTL messages and phone transcripts, dkts. 13, 15, which similarly do not contain any exculpatory information. Moreover, the DHO did not rely upon them in his determination. Dkt. 12-5 ("GTL messages/phone transcripts irrelevant to case since based off interview."). Therefore, denying Mr. Washington access to phone records was at most harmless error. Accordingly, Mr. Washington is not entitled to habeas relief on this ground.

4

### 2. Sufficiency of Evidence

In a prison disciplinary proceeding, the "hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison,* 820 F.3d at 274. The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles,* 288 F.3d 978, 981 (7th Cir. 2002). The Conduct Report "alone" can "provide[] 'some evidence' for the . . . decision." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). "[T]he relevant question is whether there is *any* evidence in the record that could support the conclusion reached by the disciplinary board." *Hill,* 472 U.S. at 455–56 (emphasis added). The "'some evidence' standard is "a 'meager threshold.'" *Jones v. Cross,* 637 F.3d 841, 849 (7th Cir. 2011) (quoting *Scruggs,* 485 F.3d at 939). Once the Court finds "some evidence" supporting the disciplinary conviction, the inquiry ends. *Id.* This Court may not "reweigh the evidence underlying the hearing officer's decision" or "look to see if other record evidence supports a contrary finding." *Rhoiney,* 723 F. App'x at 348 (citing *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000)).

Code A-111 prohibits "[a]ttempting by one's self or with another person or conspiring or aiding and abetting with another person to commit any Class A offense," and Code A-113 bars "[g]iving, selling, trading, transferring, or in any other manner moving an unauthorized physical object to another person; or receiving, buying, trading, or transferring; or in any other manner moving an

5

unauthorized physical object from another person without the prior authorization of the facility warden or designee." Dkt. 12-13 at 2.

Here, the DHO relied upon staff reports, Mr. Washington's statement, evidence from witnesses, and the audio and video recording of Ms. Hansen's interview, to determine that Mr. Washington was guilty of conspiring to traffic unauthorized property—a book—into the facility. Dkt. 12-5. Mr. Washington argues that there was nevertheless insufficient evidence to support the finding of guilt because when Sergeant Thrasher reviewed the interview footage, he did not state anything about a book in his report. Dkt. 2 at 6. Mr. Washington asserts Sergeant Thrasher's report indicates CPO Evans' Conduct Report was false, and thus insufficient. *Id.* But while Sergeant Thrasher's summary of the video evidence does not mention any books, dkt. 12-6, that does not support Mr. Washington's claim because the DHO did not rely on or even reference Sergeant Thrasher's report in his finding of guilt, dkts. 12-5. Instead, the DHO relied upon review of the recording of Ms. Hansen's interview and CPO Evans' Conduct Report, which the Court already noted accurately summarizes the interview. Dkts. 12-1, 12-5, 14, 15. Moreover, that Conduct Report notes that Ms. Hansen admitted during her interview that Mr. Washington wanted her to mail a book so that it could be delivered to Mr. Washington. Dkt. 12-1; *see McPherson*, 188 F.3d at 786.

This is therefore some evidence that supports the DHO's determination that Mr. Washington was part of a trafficking conspiracy in violation of A-

6

111/113. *McPherson*, 188 F.3d at 786. Accordingly, Mr. Washington is not entitled to habeas relief on this ground.

### D. Motions for Summary Judgment

Mr. Washington also filed two motions for summary judgment in this action. Dkts. 16, 17. The Rules Governing Section 2254 Cases in the United States District Courts are applicable to this habeas proceeding. *See* Rule 1. These Rules contemplate the filing of a petition, an answer, and a reply but not a motion for summary judgment. *See* Rules 3, 5.

Mr. Washington's motions are thus procedurally improper. The Court does not grant summary judgment in habeas proceedings, and Federal Rule of Civil Procedure 56 is generally not applicable to such proceedings. His motions, dkts. [16], [17], are therefore **denied**.

### E. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. The due process grounds that Mr. Washington has raised to this Court reveal no arbitrary action in the charge, disciplinary proceedings, or sanctions involved in this action that entitles Mr. Washington to the relief he seeks. Accordingly, his petition for a writ of habeas corpus must be **denied**. Further, his motions for summary judgment, dkts. [16], [17], are improper and must be **denied**. This action is dismissed.

7

Judgment consistent with this Order shall now issue.

**SO ORDERED.**

Date: 9/20/2024

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

DEWAYNE WASHINGTON
138156
PUTNAMVILLE – CF
PUTNAMVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

All electronically registered counsel